UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENT ALLEN, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:22-cv-01351 (UNA) |
| ANDY JASSEY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

1

Plaintiff Kent Allen, Jr., a resident of Miami, Florida, sues his father, Kent Allen, Sr., who he merely indicates lives in "Milton, Delaware," or perhaps in Florida.  Preliminarily, the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant," LCvR 5.1(c), which plaintiff has failed to do.  He also sues also the CEO of Amazon, who he indicates is located at an address in Seattle, Washington.

Plaintiff alleges that his "father defrauded certain business name[s] and ideas that [he] thought of.  By use of [his] personal information[,] [his father] knew the exact date[] and time to renew the business domains."  He goes on to state that, "in the past" he provided his father with "business domains," including WeWork, Netflix, Amazon, Google, Cash App, Uber, and Instagram, only for his father to somehow defraud him by use of that same information.  He further alleges that defendants slandered him and harmed his reputation "by use of the general public" "about [his] sexual lifestyle" and by sending him "threatened images."  Finally, he contends that defendants invaded his privacy by "checking" his "bank accounts."  He demands $1,250,000 in damages.

Put simply, the complaint consists of a random collection of statements without clarity or particularity.  Plaintiff provides no factual context or information to connect the two named defendants or to make out any discernible claim, or any basis for jurisdiction or venue.  An order consistent with this memorandum opinion is issued separately.

TREVOR N. McFADDEN
United States District Judge

Dated: May 31, 2022